**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

CENTRAL DISTRICT OF CALIFORNIA

Case number *(if known)* _____    Chapter    **11**

☐ Check if this an
  amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    **4/16**

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Majestic Air, Inc.** |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **27-3047549** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **21007 Superior Street** **Chatsworth, CA 91311** | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Los Angeles** | Location of principal assets, if different from principal place of business |
| County | |
| | Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)    **Majestic-Air.net**

6. **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **Majestic Air, Inc.**                                         Case number (*if known*) _____
     Name

**7.  Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

____

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**    *Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

District _____   When _____   Case number _____

District _____   When _____   Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

■ No

☐ Yes.

Debtor _____                     Relationship _____

District _____   When _____   Case number, if known _____

Debtor    **Majestic Air, Inc.**
    Name    Case number (*if known*)

---

**11. Why is the case filed in *this district?***    *Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
    Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

    Contact name _____

    Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**    .    *Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

  
| Debtor | **Majestic Air, Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

---

**Request for Relief, Declaration, and Signatures**

---

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **May 23, 2016**
MM / DD / YYYY

**X** **/s/ Tessie Cue**                                          **Tessie Cue**
Signature of authorized representative of debtor              Printed name

Title    **President**

**18. Signature of attorney**

**X** **/s/ Stella Havkin**                          Date    **May 23, 2016**
Signature of attorney for debtor                          MM / DD / YYYY

**Stella Havkin**
Printed name

**Havkin & Shrago Attorneys at Law**
Firm name

**20700 Ventura Boulevard, Suite 328**
**Woodland Hills, CA 91364**
Number, Street, City, State & ZIP Code

Contact phone    **818 999-1568**        Email address    **stella@havkinandshrago.com**

**134334**
Bar number and State

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>**Stella Havkin, #134334**<br>**Havkin & Shrago Attorneys at Law**<br>**20700 Ventura Boulevard, Suite 328**<br>**Woodland Hills, CA 91364**<br>**818 999-1568 Fax: 818 305-6040**<br>**stella@havkinandshrago.com**<br>*Attorney for:* | CASE NO.:<br>CHAPTER: **11**<br>ADVERSARY NO.:<br>(if applicable) |
| In re:<br><br>   **Majestic Air, Inc.**<br><br>                                              Debtor(s). | **ELECTRONIC FILING DECLARATION**<br>**(CORPORATION/PARTNERSHIP)**<br><br>**[LBR 1002-1(f)]** |

☑ Petition, statement of affairs, schedules or lists                Date Filed: _____
☐ Amendments to the petition, statement of affairs, schedules or lists    Date Filed: _____
☐ Other *(specify):* _____         Date Filed: _____

## PART I - DECLARATION OF SIGNATORY OF DEBTOR OR OTHER PARTY

   I, the undersigned, declare under penalty of perjury that: (1) I have been authorized by the Debtor or other party on whose behalf the above-referenced document is being filed (Filing Party) to sign and to file, on behalf of the Filing Party, the above-referenced document being filed electronically (Filed Document); (2) I have read and understand the Filed Document; (3) the information provided in the Filed Document is true, correct and complete; (4) the "/s/," followed by my name, on the signature lines for the Filing Party in the Filed Document serves as my signature on behalf of the Filing Party and denotes the making of such declarations, requests, statements, verifications and certifications by me and by the Filing Party to the same extent and effect as my actual signature on such signature lines; (5) I have actually signed a true and correct printed copy of the Filed Document in such places on behalf of the Filing Party and provided the executed printed copy of the Filed Document to the Filing Party's attorney; and (6) I, on behalf of the Filing Party, have authorized the Filing Party's attorney to file the electronic version of the Filed Document and this *Declaration* with the United States Bankruptcy Court for the Central District of California.

**May 23, 2016**
Date:

Signature (handwritten) of authorized signatory of Filing Party

**Tessie Cue**
Printed name of authorized signatory of Filing Party

**President**
Title of authorized signatory of Filing Party

## PART II - DECLARATION OF ATTORNEY FOR FILING PARTY

   I, the undersigned Attorney for the Filing Party, declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Filing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) an authorized signatory of the Filing Party signed Part 1 - *Declaration of Authorized Signatory of Debtor or Other Party of this Declaration* before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature of the authorized signatory of the Filing Party in the locations that are indicated by "/s/," followed by the name of the Filing Party's authorized signatory, on the true and correct printed copy of the Filed Document; (4) I shall maintain the executed originals of this *Declaration* and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this Declaration and the Filed Document available for review upon request of the court or other parties.

**May 23, 2016**
Date:

/s/ Stella Havkin
Signature (handwritten) of attorney for Filing Party

**Stella Havkin 134334**
Printed Name of attorney for Filing Party

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**Fill in this information to identify the case:**

Debtor name  **Majestic Air, Inc.**

United States Bankruptcy Court for the:  CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)  _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **May 23, 2016**          X **/s/ Tessie Cue**
_____          _____
                                    Signature of individual signing on behalf of debtor

                                    **Tessie Cue**
                                    _____
                                    Printed name

                                    **President**
                                    _____
                                    Position or relationship to debtor

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Majestic Air, Inc.** |
| United States Bankruptcy Court for the: | **CENTRAL DISTRICT OF CALIFORNIA** |
| Case number (if known): | |

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **AMC Industries, LLC 20555 Devonshire Street, Suite 138 Chatsworth, CA 91311** | | **Vendor.** | | | | **$64,484.64** |
| **Ansett Aircraft Spares & Services, 12675 Encinitas Avenue Sylmar, CA 91342** | | **Judgment for appropriation of trade secret. Currently on appeal.** | **Contingent** | | | **$1,800,000.00** |
| **Ansett Aircraft Spares & Services, 12675 Encinitas Avenue Sylmar, CA 91342** | | **Claim for attorneys fees which is being disputed and no liquidated.** | **Unliquidated Disputed** | | | **$1,000,000.00** |
| **Franklin Tan 1677 Quezon Avenue 4th Floor Nexor Building Quezon City, Metro Manila Phillippines** | | **Investment into Amplespares in Phillipines through a loan from Franklin Tan.** | | | | **$350,000.00** |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                                                           Best Case Bankruptcy

## United States Bankruptcy Court
### Central District of California

In re    **Majestic Air, Inc.**    Case No. _____
                                   Debtor(s)    Chapter    **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
| --- | --- | --- | --- |
| **Tessie Cue**<br>**20620 Bergamo Way**<br>**Northridge, CA 91326** | **Common** | **100%** | **Stock** |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **President** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date    **May 23, 2016**    Signature    **/s/ Tessie Cue**
                                         **Tessie Cue**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LBR 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1.  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof.  If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**None**

2.  (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof.  If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**None**

3.  (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof.  If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**None**

4.  (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof.  If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**None**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at **Chatsworth** , California.

Date: **May 23, 2016**

/s/ **Tessie Cue**

**Tessie Cue**
Signature of Debtor


Signature of Joint Debtor

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Majestic Air, Inc.** |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | |

☐ Check if this is an
amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    **12/15**

---

**Part 1:**   **Summary of Assets**

1. *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

    1a. **Real property:**
        Copy line 88 from *Schedule A/B*............................................................................................................    $ _____0.00

    1b. **Total personal property:**
        Copy line 91A from *Schedule A/B*.......................................................................................................    $ _____3,471,003.46

    1c. **Total of all property:**
        Copy line 92 from *Schedule A/B*.........................................................................................................    $ _____3,471,003.46

---

**Part 2:**   **Summary of Liabilities**

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*....................    $ _____0.00

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**
        Copy the total claims from Part 1 from line 5a of *Schedule E/F*...........................................................    $ _____0.00

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
        Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*...............................    +$ _____3,214,484.64

4. **Total liabilities** .....................................................................................................................
   Lines 2 + 3a + 3b                    $ _____3,214,484.64

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name  **Majestic Air, Inc.**

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:    Cash and cash equivalents

1. Does the debtor have any cash or cash equivalents?

☐ No. Go to Part 2.
■ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|

3.  **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1.  **Chase.** | **Checking** | 2686 | $4,600.00 |

4.  **Other cash equivalents** *(Identify all)*

5.  **Total of Part 1.**
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.          **$4,600.00**

### Part 2:    Deposits and Prepayments

6. Does the debtor have any deposits or prepayments?

☐ No. Go to Part 3.
■ Yes Fill in the information below.

7.  **Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

| 7.1.  **Security deposit with landlord.** | $10,403.46 |
|---|---|

8.  **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

9.  **Total of Part 2.**
Add lines 7 through 8. Copy the total to line 81.          **$10,403.46**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor | **Majestic Air, Inc.** | Case number *(If known)* | |
|---|---|---|---|
| | Name | | |

## Part 3:    Accounts receivable

**10. Does the debtor have any accounts receivable?**

☐ No.  Go to Part 4.
■ Yes Fill in the information below.

11.      **Accounts receivable**

| 11a. 90 days old or less: | **15,935.00** | - | **15,935.00** | =.... | **$0.00** |
|---|---|---|---|---|---|
| | face amount | | doubtful or uncollectible accounts | | |

| 11b. Over 90 days old: | **51,099.69** | - | **51,099.69** | =.... | **$0.00** |
|---|---|---|---|---|---|
| | face amount | | doubtful or uncollectible accounts | | |

12.      **Total of Part 3.**                                                                                                                          **$0.00**

Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

## Part 4:    Investments

**13. Does the debtor own any investments?**

☐ No.  Go to Part 5.
■ Yes Fill in the information below.

| | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

14.      **Mutual funds or publicly traded stocks not included in Part 1**
Name of fund or stock:

15.      **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
Name of entity:                                                                      % of ownership

| | Investment in Amplespares in Phillipines for $350,000.  Nothing has happened with | | | | |
|---|---|---|---|---|---|
| 15.1. | the investment thusfar. | | % | N/A | $0.00 |

16.      **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
Describe:

17.      **Total of Part 4.**                                                                                                                          **$0.00**

Add lines 14 through 16.  Copy the total to line 83.

## Part 5:    Inventory, excluding agriculture assets

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☐ No.  Go to Part 6.
■ Yes Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

19.      **Raw materials**

20.      **Work in progress**

21.      **Finished goods, including goods held for resale**

| Debtor | **Majestic Air, Inc.** | | Case number *(If known)* | |
|---|---|---|---|---|
| | Name | | | |

| | | | | |
|---|---|---|---|---|
| **Aircraft spare parts owned by Debtor.** | **January, 2016** | **$35,000.00** | **Liquidation** | **$35,000.00** |
| **Aircraft spare parts held on consignment from Lufthansa Technick Philippines.** | **January, 2016** | **$220,000.00** | **Comparable sale** | **$220,000.00** |

22.     **Other inventory or supplies**

23.     **Total of Part 5.**

| **$255,000.00** |
|---|

        Add lines 19 through 22. Copy the total to line 84.

24.     **Is any of the property listed in Part 5 perishable?**

        ■ No
        ☐ Yes

25.     **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

        ■ No
        ☐ Yes. Book value _____ Valuation method _____ Current Value _____

26.     **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

        ■ No
        ☐ Yes

| Part 6: | **Farming and fishing-related assets (other than titled motor vehicles and land)** |
|---|---|

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

        ■ No. Go to Part 7.
        ☐ Yes Fill in the information below.

| Part 7: | **Office furniture, fixtures, and equipment; and collectibles** |
|---|---|

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

        ☐ No. Go to Part 8.
        ■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39.**    **Office furniture** | | | |
|        **Office furniture and supplies.** | **$1,000.00** | **Liquidation** | **$1,000.00** |

40.     **Office fixtures**

41.     **Office equipment, including all computer equipment and communication systems equipment and software**

42.     **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

43.     **Total of Part 7.**

| **$1,000.00** |
|---|

        Add lines 39 through 42. Copy the total to line 86.

44.     **Is a depreciation schedule available for any of the property listed in Part 7?**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com         Best Case Bankruptcy

| Debtor | **Majestic Air, Inc.** | Case number *(If known)* |
|---|---|---|
| | Name | |

■ No
☐ Yes

45.    **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
    ■ No
    ☐ Yes

**Part 8:    Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No.  Go to Part 9.
☐ Yes Fill in the information below.

**Part 9:    Real property**

54. **Does the debtor own or lease any real property?**

■ No.  Go to Part 10.
☐ Yes Fill in the information below.

**Part 10:    Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

☐ No.  Go to Part 11.
■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60.    **Patents, copyrights, trademarks, and trade secrets** | | | |
| 61.    **Internet domain names and websites** | | | |
| 62.    **Licenses, franchises, and royalties** **License to be a reseller to the airlines which has no independent value.** | **$0.00** | | **$0.00** |
| 63.    **Customer lists, mailing lists, or other compilations** | | | |
| 64.    **Other intangibles, or intellectual property** | | | |
| 65.    **Goodwill** | | | |

66.    **Total of Part 10.**

    Add lines 60 through 65. Copy the total to line 89.

| | **$0.00** |
|---|---|

67.    **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C.§§ 101(41A) and 107**?**
    ■ No
    ☐ Yes

68.    **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
    ■ No
    ☐ Yes

69.    **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
    ■ No
    ☐ Yes

| Debtor | **Majestic Air, Inc.** | Case number *(If known)* |
| --- | --- | --- |
| | Name | |

| Part 11: | All other assets |
| --- | --- |

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No.  Go to Part 12.
■ Yes Fill in the information below.

<table>
<tr><td></td><td></td><td style="text-align:right">Current value of<br>debtor's interest</td></tr>
<tr><td>71.</td><td>**Notes receivable**<br>Description (include name of obligor)</td><td></td></tr>
<tr><td>72.</td><td>**Tax refunds and unused net operating losses (NOLs)**<br>Description (for example, federal, state, local)</td><td></td></tr>
<tr><td>73.</td><td>**Interests in insurance policies or annuities**</td><td></td></tr>
<tr><td>74.</td><td>**Causes of action against third parties (whether or not a lawsuit has been filed)**<br>**Cross-complaint based on indemnity against Lufthansa Technick Philippines.  The amount is estimated based on verdict against the Debtor.**</td><td style="text-align:right">**$2,200,000.00**</td></tr>
<tr><td></td><td>Nature of claim     **Indemnity.**</td><td></td></tr>
<tr><td></td><td>Amount requested     **$2,200,000.00**</td><td></td></tr>
<tr><td></td><td>**Cross-complaint based on indemnity against Lufthansa Technick Philippines.  The amount is estimated based attorney's fees expended on defending a case filed against the Debtor by Infinity Air which was dismissed. The sum is estimated.**</td><td style="text-align:right">**$1,000,000.00**</td></tr>
<tr><td></td><td>Nature of claim     **Indemnity**</td><td></td></tr>
<tr><td></td><td>Amount requested     **$1,000,000.00**</td><td></td></tr>
<tr><td>75.</td><td>**Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**</td><td></td></tr>
<tr><td>76.</td><td>**Trusts, equitable or future interests in property**</td><td></td></tr>
<tr><td>77.</td><td>**Other property of any kind not already listed** *Examples:* Season tickets, country club membership</td><td></td></tr>
<tr><td>78.</td><td>**Total of Part 11.**<br>Add lines 71 through 77. Copy the total to line 90.</td><td style="text-align:right">**$3,200,000.00**</td></tr>
<tr><td>79.</td><td>**Has any of the property listed in Part 11 been appraised by a professional within the last year?**<br>■ No<br>☐ Yes</td><td></td></tr>
</table>

| Debtor | **Majestic Air, Inc.** | Case number *(If known)* | |
|--------|------------------------|--------------------------|---|
| | Name | | |

## Part 12:   Summary

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | **$4,600.00** | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | **$10,403.46** | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | **$0.00** | |
| 83. **Investments.** *Copy line 17, Part 4.* | **$0.00** | |
| 84. **Inventory.**  *Copy line 23, Part 5.* | **$255,000.00** | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | **$0.00** | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | **$1,000.00** | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | **$0.00** | |
| 88. **Real property.** *Copy line 56, Part 9*......................................................................> | | **$0.00** |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | **$0.00** | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + **$3,200,000.00** | |
| 91. **Total.** Add lines 80 through 90 for each column | **$3,471,003.46** + 91b. | **$0.00** |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | **$3,471,003.46** |

Schedule A/B Assets - Real and Personal Property

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com

**Fill in this information to identify the case:**

Debtor name      **Majestic Air, Inc.**

United States Bankruptcy Court for the:      CENTRAL DISTRICT OF CALIFORNIA

Case number (if known) _____

☐ Check if this is an
amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property                    12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

■ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Fill in this information to identify the case: |
|---|

Debtor name __**Majestic Air, Inc.**__

United States Bankruptcy Court for the: __CENTRAL DISTRICT OF CALIFORNIA__

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims          12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☐ No. Go to Part 2.

☐ Yes. Go to line 2.

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3.  **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|

| 3.1 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $64,484.64 |
|---|---|---|---|
| | **AMC Industries, LLC**<br>**20555 Devonshire Street, Suite 138**<br>**Chatsworth, CA 91311** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred __2015-2016__ | Basis for the claim: __Vendor.__ | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ☐ No ☐ Yes | |

| 3.2 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $1,800,000.00 |
|---|---|---|---|
| | **Ansett Aircraft Spares & Services,**<br>**12675 Encinitas Avenue**<br>**Sylmar, CA 91342** | ■ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred __January, 2016__ | Basis for the claim: __Judgment for appropriation of trade secret.  Currently on appeal.__ | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ☐ No ☐ Yes | |

| 3.3 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $1,000,000.00 |
|---|---|---|---|
| | **Ansett Aircraft Spares & Services,**<br>**12675 Encinitas Avenue**<br>**Sylmar, CA 91342** | ☐ Contingent<br>■ Unliquidated<br>■ Disputed | |
| | Date(s) debt was incurred __ | Basis for the claim: __Claim for attorneys fees which is being disputed and no liquidated.__ | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ☐ No ☐ Yes | |

| 3.4 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $350,000.00 |
|---|---|---|---|
| | **Franklin Tan**<br>**1677 Quezon Avenue**<br>**4th Floor Nexor Building**<br>**Quezon City, Metro Manila**<br>**Phillippines** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred __ | Basis for the claim: __Investment into Amplespares in Phillipines through a loan from Franklin Tan.__ | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ■ No ☐ Yes | |

| Debtor | **Majestic Air, Inc.** | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

| 3.5 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $0.00 |
|---|---|---|---|

**Lufthansa Technik Phillippines**
**MarcoAsia Special Economic Zone**
**Villamor Air Base**
**Pasai City, Metro Manila 1309**
**Phillipines**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim:  <u>Owner of consigned inventory.</u>

Is the claim subject to offset? ■ No ☐ Yes

---

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | **Aaron P. Rudin, Esq.**<br>**Gordon & Rees**<br>**633 W. Fifth Street, 52nd Floor**<br>**Los Angeles, CA 90071** | Line <u>**3.2**</u><br><br>☐ Not listed. Explain ____ | _ |
| 4.2 | **David L. Willingham, Esq.**<br>**Caldwell, Leslie & Proctor**<br>**725 S. Figueroa Street, 31st Floor**<br>**Los Angeles, CA 90017** | Line <u>**3.2**</u><br><br>☐ Not listed. Explain ____ | _ |
| 4.3 | **Peter R. Bing, Esq.**<br>**Wilson Elser**<br>**555 S. Flower Street, Suite 2900**<br>**Los Angeles, CA 90017** | Line <u>**3.2**</u><br><br>☐ Not listed. Explain ____ | _ |
| 4.4 | **Scott D. Cunningham, Esq.**<br>**Condon & Forsyth, LLP**<br>**1901 Avenue of the Stars, Suite 850**<br>**Los Angeles, CA 90067** | Line <u>**3.2**</u><br><br>☐ Not listed. Explain ____ | _ |

---

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

5.  Add the amounts of priority and nonpriority unsecured claims.

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ | 0.00 |
| 5b. Total claims from Part 2 | 5b. + | $ | 3,214,484.64 |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. | $ | 3,214,484.64 |

**Fill in this information to identify the case:**

Debtor name      **Majestic Air, Inc.**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases                  12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.   **Does the debtor have any executory contracts or unexpired leases?**
     ☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
     ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal     Property*
     (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| 2.1.   State what the contract or lease is for and the nature of the debtor's interest | **Lease of commercial property where the Debtor operates.** |
| State the term remaining | **6 months** |
| List the contract number of any government contract | **Icon Owner Pool 1 LA Non-Business P** **P.O. Box 843992** **Los Angeles, CA 90084-3992** |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name    **Majestic Air, Inc.**

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number (if known) _____

☐ Check if this is an
     amended filing

## Official Form 206H
## Schedule H: Your Codebtors        12/15

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

### 1. Do you have any codebtors?

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | Check all schedules that apply: |
| 2.1 | **Tessie Cue** | **20620 Bergamo Way**<br>**Northridge, CA 91326** | **Franklin Tan** | ☐ D _____<br>■ E/F __3.4__<br>☐ G _____ |
| 2.2 | **Hihongbo Cue** | **20620 Bergamo Way**<br>**Northridge, CA 91326** | **Icon Owner Pool 1**<br>**LA Non-Business P** | ☐ D _____<br>☐ E/F _____<br>■ G __2.1__ |
| 2.3 | **Tessie Cue** | **20620 Bergamo Way**<br>**Northridge, CA 91326** | **Icon Owner Pool 1**<br>**LA Non-Business P** | ☐ D _____<br>☐ E/F _____<br>■ G __2.1__ |

**Fill in this information to identify the case:**

Debtor name  **Majestic Air, Inc.**

United States Bankruptcy Court for the:  CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)  _____

☐ Check if this is an
amended filing

## Official Form 207
# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/16

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

### Part 1:    Income

1. **Gross revenue from business**

☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**<br>From  **1/01/2016** to **Filing Date** | ■ Operating a business<br>☐ Other  _____ | **$2,306,264.24** |
| **For prior year:**<br>From  **1/01/2015** to **12/31/2015** | ■ Operating a business<br>☐ Other  _____ | **$5,558,475.00** |
| **For year before that:**<br>From  **1/01/2014** to **12/31/2014** | ■ Operating a business<br>☐ Other  _____ | **$4,857,247.00** |

2. **Non-business revenue**
Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

■ None.

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|

### Part 2:    List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|

Debtor     **Majestic Air, Inc.**                                                    Case number *(if known)* _____

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| 3.1.  **Airbus North Americas Inc.** | 3/22/2016-5/20/2016 | $122,769.99 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>■ Suppliers or vendors<br>☐ Services<br>☐ Other___ |
| 3.2.  **GLP (ICON Owner Pool 1 LA NOI** | 3/28/2016 and 4/28/2016 | $10,614.95 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>■ Other **Landlord** |
| 3.3.  **Horovitz & Levy, LLP** | 2/11/2016, 4/12/2016 and 4/4/2016 | $17,961.11 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other___ |
| 3.4.  **Miles Carlsen CA** | 3/28/2016, 4/12/2016, $/13/2016, and 5/18/2016. | $59,567.25 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>■ Services<br>☐ Other___ |
| 3.5.  **AMC Industries, LLC** | 4/12/2016, 4/13/2016, 4/26/2016 and 5/9/2016. | $110,942.39 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>■ Suppliers or vendors<br>☐ Services<br>☐ Other___ |
| 3.6.  **Parker Hannifin Corporation** | 3/18/2016, 4/4/2016, 4/13, 2016, 4/28/2016, 5/6/2016, 5/17/2016, 5/20/2016. | $39,125.52 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>■ Suppliers or vendors<br>☐ Services<br>☐ Other___ |

4.  **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
    List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None.

| Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1.  **Tessie Cue 20620 Bergamo Way Northridge, CA 91326** | **January-May , 2016** | **$28,848.00** | **Salary.** |

5.  **Repossessions, foreclosures, and returns**

Debtor    **Majestic Air, Inc.**                                                                Case number *(if known)* _____

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6.  **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:    Legal Actions or Assignments**

7.  **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1.  **Ansett Aircraft Spares & Services vs. Tessie Cue, et. al.**<br>**BC428166** | **Complaint for breach of contract, unjust enrichment etc. Judgment was entered against defendants. Currently on appeal.** | **Los Angeles Superior Court**<br>**111 N. Hill Street**<br>**Los Angeles, CA 90012** | ☐ Pending<br>■ On appeal<br>☐ Concluded |
| 7.2.  **Infinity Air Inc. vs. LTP et. al.**<br>**PC0151389** | **Breach of contract and indemnity.** | **Los Angeles Superior Court**<br>**111 N. Hill Street**<br>**Los Angeles, CA 90012** | ☐ Pending<br>■ On appeal<br>☐ Concluded |

8.  **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

**Part 4:    Certain Gifts and Charitable Contributions**

9.  **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

**Part 5:    Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

Debtor    **Majestic Air, Inc.**                                          Case number *(if known)*

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
| --- | --- | --- | --- |

**Part 6:**   **Certain Payments or Transfers**

**11. Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
| --- | --- | --- | --- | --- |
| 11.1. | **Stella Havkin**<br>**Havkin & Shrago**<br>**20700 Ventura Boulevard,**<br>**Suite 328**<br>**Woodland Hills, CA 91364** | | **5/17/2016 and 5/20/2016** | **$16,774.00** |
| | Email or website address | | | |
| | Who made the payment, if not debtor? | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
| --- | --- | --- | --- |

**13. Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer?<br>Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
| --- | --- | --- | --- |

**Part 7:**   **Previous Locations**

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy<br>From-To |
| --- | --- |

**Part 8:**   **Health Care Bankruptcies**

**15. Health Care bankruptcies**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Debtor   **Majestic Air, Inc.**                                                   Case number *(if known)* _____

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

| Part 9: | Personally Identifiable Information |
|---|---|

16. **Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.
■ Yes. Does the debtor serve as plan administrator?

☐ No Go to Part 10.
■ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| **IRA plan** | EIN: |

Has the plan been terminated?
■ No
☐ Yes

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

| Debtor | **Majestic Air, Inc.** | Case number *(if known)* | |

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|

---

| **Part 11:** | **Property the Debtor Holds or Controls That the Debtor Does Not Own** |
|---|---|

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☐ None

| Owner's name and address | Location of the property | Describe the property | Value |
|---|---|---|---|
| **Luftansa Technick Phillipines MacroAsia Special Economic Zone Villamor Air Base Pasay City, Metro Manila 1309 Phillippines** | **21007 Superior Court Chatsworth, CA 91311** | **Spare aircraft parts on consignment with the Debtor.** | **$220,000.00** |

---

| **Part 12:** | **Details About Environment Information** |
|---|---|

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

---

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |
|---|---|

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

---

| Debtor | **Majestic Air, Inc.** | Case number *(if known)* | |

■ None

| Business name address | Describe the nature of the business | Employer Identification number |
|---|---|---|
| | | Do not include Social Security number or ITIN. |
| | | **Dates business existed** |

26. **Books, records, and financial statements**

    26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

    ■ None

| Name and address | Date of service From-To |
|---|---|

    26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

    ■ None

    26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

    ■ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|

    26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

    ■ None

| Name and address |
|---|

27. **Inventories**

    Have any inventories of the debtor's property been taken within 2 years before filing this case?

    ■ No

    ☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Tessie Cue** | **20620 Bergamo Way Northridge, CA 91326** | **President and sole shareholder.** | **100** |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

    ■ No

    ☐ Yes. Identify below.

30. **Payments, distributions, or withdrawals credited or given to insiders**

    Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

Debtor    **Majestic Air, Inc.**                                        Case number *(if known)* _____

■No

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

■No

☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☐ No

■Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| IRA for company.  Less than $1,000 per year. | EIN: |

---

**Part 14:    Signature and Declaration**

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **May 23, 2016**

**/s/ Tessie Cue**                                    **Tessie Cue**
Signature of individual signing on behalf of the debtor        Printed name

Position or relationship to debtor    **President**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

■No

☐ Yes

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Central District of California

In re  **Majestic Air, Inc.**

Debtor(s)                                    Case No. _____

Chapter  **11**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that
     compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to
     be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

     For legal services, I have agreed to accept ................................................  $          **16,774.00**

     Prior to the filing of this statement I have received ...............................  $          **16,774.00**

     Balance Due ....................................................................................  $             **0.00**

2.   The source of the compensation paid to me was:

     ■ Debtor       ☐ Other (specify):

3.   The source of compensation to be paid to me is:

     ■ Debtor       ☐ Other (specify):

4.   ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

     ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A
       copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

     a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
     b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
     c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
     d.  [Other provisions as needed]
         **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of
         reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC
         522(f)(2)(A) for avoidance of liens on household goods.**

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:
     **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or
     any other adversary proceeding.**

---

### CERTIFICATION

     I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in
this bankruptcy proceeding.

**May 23, 2016**                                    **/s/ Stella Havkin**
_____                            _____
*Date*                                               **Stella Havkin 134334**
                                                     *Signature of Attorney*
                                                     **Havkin & Shrago Attorneys at Law**
                                                     **20700 Ventura Boulevard, Suite 328**
                                                     **Woodland Hills, CA 91364**
                                                     **818 999-1568  Fax: 818 305-6040**
                                                     **stella@havkinandshrago.com**
                                                     *Name of law firm*

---

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Stella Havkin**<br>**20700 Ventura Boulevard, Suite 328**<br>**Woodland Hills, CA 91364**<br>**818 999-1568 Fax: 818 305-6040**<br>California State Bar Number: **134334**<br>stella@havkinandshrago.com | |

☐  *Debtor(s) appearing without an attorney*

■  *Attorney for Debtor*

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>**Majestic Air, Inc.** | CASE NO.:<br><br>CHAPTER: **11** |
|---|---|
| <br><br><br><br><br>Debtor(s). | **VERIFICATION OF MASTER**<br>**MAILING LIST OF CREDITORS**<br><br>**[LBR 1007-1(a)]** |

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of __**2**__ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date: **May 23, 2016** _____     **/s/ Tessie Cue** _____
                                                    Siganture of Debtor 1

Date: _____

                                                    _____
                                                    Signature of Debtor 2 (joint debtor) ) (if applicable)

Date: **May 23, 2016** _____     **/s/ Stella Havkin** _____
                                                    Signature of Attorney for Debtor (if applicable)

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                      **F 1007-1.MAILING.LIST.VERIFICATION**

Majestic Air, Inc.
21007 Superior Street
Chatsworth, CA 91311


Stella Havkin
Havkin & Shrago Attorneys at Law
20700 Ventura Boulevard, Suite 328
Woodland Hills, CA 91364


Aaron P. Rudin, Esq.
Gordon & Rees
633 W. Fifth Street, 52nd Floor
Los Angeles, CA 90071


AMC Industries, LLC
20555 Devonshire Street, Suite 138
Chatsworth, CA 91311


Ansett Aircraft Spares & Services,
12675 Encinitas Avenue
Sylmar, CA 91342


David L. Willingham, Esq.
Caldwell, Leslie & Proctor
725 S. Figueroa Street, 31st Floor
Los Angeles, CA 90017


Franklin Tan
1677 Quezon Avenue
4th Floor Nexor Building
Quezon City, Metro Manila
Phillippines


Icon Owner Pool 1 LA Non-Business P
P.O. Box 843992
Los Angeles, CA 90084-3992

Lufthansa Technik Phillippines
MarcoAsia Special Economic Zone
Villamor Air Base
Pasai City, Metro Manila 1309
Phillipines


Peter R. Bing, Esq.
Wilson Elser
555 S. Flower Street, Suite 2900
Los Angeles, CA 90017


Scott D. Cunningham, Esq.
Condon & Forsyth, LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, CA 90067


Tessie Cue
20620 Bergamo Way
Northridge, CA 91326

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., and State Bar No. & Email Address<br>**Stella Havkin**<br>**20700 Ventura Boulevard, Suite 328**<br>**Woodland Hills, CA 91364**<br>**818 999-1568 Fax: 818 305-6040**<br>California State Bar Number: **134334**<br>stella@havkinandshrago.com | FOR COURT USE ONLY |
| ■ *Attorney for:* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>    **Majestic Air, Inc.**<br>                                      Debtor(s),<br><br>                                      Plaintiff(s),<br><br><br><br>                                      Defendant(s). | CASE NO.:<br>ADVERSARY NO.:<br>CHAPTER:   **11**<br><br>**CORPORATE OWNERSHIP STATEMENT PURSUANT TO  FRBP 1007(a)(1) and 7007.1, and LBR 1007-4**<br><br>[No hearing] |

*Pursuant to FRBP 1007(a)(1) and 7007.1, and LBR 1007-4, any corporation, other than a governmental unit, that is a debtor in a voluntary case or a party to an adversary proceeding or a contested matter shall file this Statement identifying all its parent corporations and listing any publicly held company, other than a governmental unit, that directly or indirectly own 10% or more of any class of the corporation's equity interest, or state that there are no entities to report. This Corporate Ownership Statement must be filed with the initial pleading filed by a corporate entity in a case or adversary proceeding. A supplemental statement must promptly be filed upon any change in circumstances that renders this Corporate Ownership Statement inaccurate.*

I,    **Stella Havkin 134334**                          , the undersigned in the above-captioned case, hereby declare
            *(Print Name of Attorney or Declarant)*
under penalty of perjury under the laws of the United States of America that the following is true and correct:

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                                                              **F 1007-4.CORP.OWNERSHIP.STMT**

**[Check the appropriate boxes and, if applicable, provide the required information.]**

1.        I have personal knowledge of the matters set forth in this Statement because:
         ☐ I am the president or other officer or an authorized agent of the Debtor corporation
         ☐ I am a party to an adversary proceeding
         ☐ I am a party to a contested matter
         ■ I am the attorney for the Debtor corporation

2.a.    ☐ The following entities, other than the debtor or a governmental unit, directly or indirectly own 10% or more of any class of the corporation's(s') equity interests:
           *[For additional names, attach an addendum to this form.]*

    b.    ■ There are no entities that directly or indirectly own 10% or more of any class of the corporation's equity interest.

| | |
|---|---|
| **May 23, 2016** | By:   /s/ Stella Havkin |
| Date | Signature of Debtor, or attorney for Debtor |
| | Name:    **Stella Havkin 134334** |
| | Printed name of Debtor, or attorney for Debtor |

_____
This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

                                       **F 1007-4.CORP.OWNERSHIP.STMT**

## United States Bankruptcy Court
### Central District of California

In re  **Majestic Air, Inc.**
_____

Debtor(s)

Case No. _____

Chapter  **11** _____

## STATEMENT REGARDING AUTHORITY TO SIGN AND FILE PETITION

I, **Tessie Cue**, declare under penalty of perjury that I am the **President** of **Majestic Air, Inc.**, and that the following is a true and correct copy of the resolutions adopted by the Board of Directors of said corporation at a special meeting duly called and held on the 19th day of May, 2016.

"Whereas, it is in the best interest of this corporation to file a voluntary petition in the United States Bankruptcy Court pursuant to Chapter 11 of Title 11 of the United States Code;

Be It Therefore Resolved, that **Tessie Cue, President** of this Corporation, is authorized and directed to execute and deliver all documents necessary to perfect the filing of a chapter **11** voluntary bankruptcy case on behalf of the corporation; and

Be It Further Resolved, that **Tessie Cue, President** of this Corporation is authorized and directed to appear in all bankruptcy proceedings on behalf of the corporation, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the corporation in connection with such bankruptcy case, and

Be It Further Resolved, that **Tessie Cue, President** of this Corporation is authorized and directed to employ **Stella Havkin 134334**, attorney and the law firm of **Havkin & Shrago Attorneys at Law** to represent the corporation in such bankruptcy case."

Date  **May 23, 2016** _____

Signed  **/s/ Tessie Cue**
        **Tessie Cue**

Resolution of Board of Directors
of
**Majestic Air, Inc.**

Whereas, it is in the best interest of this corporation to file a voluntary petition in the the United States Bankruptcy Court pursuant to Chapter 11 of Title 11 of the United States Code;

Be It Therefore Resolved, that **Tessie Cue, President** of this Corporation, is authorized and directed to execute and deliver all documents necessary to perfect the filing of a chapter 11 voluntary bankruptcy case on behalf of the corporation; and

Be It Further Resolved, that **Tessie Cue, President** of this Corporation is authorized and directed to appear in all bankruptcy proceedings on behalf of the corporation, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the corporation in connection with such bankruptcy case, and

Be It Further Resolved, that **Tessie Cue, President** of this Corporation is authorized and directed to employ **Stella Havkin 134334**, attorney and the law firm of **Havkin & Shrago Attorneys at Law** to represent the corporation in such bankruptcy case.

Date  **May 23, 2016**                           Signed _____

Date  **May 23, 2016**                           Signed _____